

ENTERED 4-30-07
FILED
APR 30 2007
CLERK U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

In re

**THE ROMAN CATHOLIC BISHOP OF SAN DIEGO, a California corporation sole,**

Debtor.

Case No. 07-00939-A11

**ORDER OF PARISHES ON APPOINTMENT OF EXPERT**

On April 11, 2007, the Court conducted a hearing on its Order to Show Cause Re Contempt or Other Sanctions (Docket No. 233) (the "OSC"). The respondents appearing at the hearing were: The Roman Catholic Bishop of the Diocese of San Diego, a corporation sole, ("Debtor") by and through its counsel Susan Boswell of Quarles and Brady; Susan Boswell; Victor Vilaplana of Foley & Lardner; Jeffry Davis; Fr. Bruce J. Orsborn; and Fr. Michael Gallagher. Other parties appeared as set forth in the record of the hearing. The Court, having considered the testimony of Fr. Gallagher, Fr. Orsborn, Jeffry Davis, Victor Vilaplana and Susan Boswell,

IT IS HEREBY ORDERED:

1. This Order relates to all checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan,

///

and homestead associations or credit unions, brokerage houses or cooperatives, wherever located in the world, that as of the date of the commencement of the Debtor's chapter 11 case (a) used the Debtor's tax identification number; (b) were established pursuant to the authority of the Debtor or Bishop Richard Brom or any of his predecessors; (c) are alleged by the Debtor to contain property that the Debtor or Bishop Richard Brom hold for the benefit of another; (d) are alleged to be property of parishes, parish schools, parochial schools, diocesan high schools, special schools, monasteries, convents, retreats, cemeteries and Newman Centers, or which relate to the 98 parishes, 16 missions, 43 elementary schools, and 3 high schools within the territory of the Diocese of San Diego; (e) were known as the Diocesan Bank; or (f) were established by any entity of which the Debtor or Bishop Brom is an officer, director, member, shareholder or partner (collectively, the "Accounts").

2. Pursuant to Federal Rule of Evidence 706(a), R. Todd Neilson shall be an expert witness (the "Expert") with the duties set forth in this Order and shall be subject to all applicable provisions of Federal Rule of Evidence 706.

3. On order of the Court pursuant to a motion in accordance with the Bankruptcy Code, Rules of Bankruptcy Procedure, Local Rules of Bankruptcy Procedure and Guidelines of the Office of the United States Trustee, the Expert may employ professionals (including Professional firms in which the Expert is a principal, shareholder, member or partner) to assist in the performance of the Expert's duties.

4. Pursuant to Federal Rule of Evidence 706(b), the Expert and any of the Expert's professionals shall be employed at the expense of the estate as an administrative expense and shall seek allowance and payment of fees and expenses in accordance with the Bankruptcy Code, the Rules of Procedure, the Local Rules of Bankruptcy Procedure, the Guidelines of the Office of the United States Trustee and orders of the Court applicable to other professionals employed at the expense of the estate.

5. The Expert shall perform the following investigation and analysis and make appropriate findings regarding the Cash Management System of the Debtor, including:

    a. The identity of each Account, including the account number, name and address of all Account depositories' branches, the name and address of Account holder as reflected in the Account depositories' records, the tax identification number associated with the Account if different from the Debtor's tax identification number, the owner of such tax identification number and the date the Account was opened.

    b. All documents pursuant to which the Account was established.

    c. The identity of each Account that, after the commencement of the Debtors chapter 11 case, was closed or changed in any way, including but not limited to changes in tax identification numbers, Account signatories or any agreement affecting the Account. To the extent of any such changes or closures, the identity of the person requesting the closure or changes and the authority of such person to make or seek such closure or change.

    d. Any alleged restriction(s) or limitations with respect to the funds in the Accounts.

    e. An analysis of the Account holder's compliance with any alleged restrictions or limitations with respect to the funds deposited in or withdrawn from the Accounts. The Expert's analysis may be derived from his performance of such random tests and/or samplings as he deems appropriate and necessary.

    f. An analysis of whether the Cash Management System described in Debtor's FIRST DAY MOTION #1 (d.e. # 9 ) operates in a manner consistent with the Debtor's representations in said Motion. The Expert's analysis and opinion may be derived from his performance of such random tests and/or samplings as he deems appropriate and necessary.

    g. The restrictions, if any, on use of funds raised in the Annual Catholic Appeal.

    h.  The Debtor's state and federal tax returns, if any, for the last five (5) years.

  6.  Without prejudice to any party in interest's contention regarding the separate existence of parishes or any other entity and the Debtor, all persons identified in the OSC shall cooperate fully with the Expert. The Expert may employ all discovery procedures available under Federal Rule of Bankruptcy Procedure 2004 and Rules of Bankruptcy Procedure relating to contested matters and adversary proceedings.

  7.  The Expert's report shall include a list of all individuals interviewed by the Expert, all documents reviewed by the Expert, all documents requested by the Expert but not produced and the identity of the person failing to procedure the documents and the reasons provided for such failure and whether the Expert believes that further findings are necessary.

  8.  The Expert shall file its written findings on or before July 10, 2007. The Expert may file interim reports of its findings and may seek an extension of the foregoing deadline for cause, upon notice to the Debtor, the Office Committee of Unsecured Creditors, the United States Trustee and other parties requesting special notice pursuant to Rule 2002.

Dated: 30 Apr 07

LOUISE DeCARL ADLER, Judge

CAD 168
[Revised July 1985]

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Case No. 07-00939-A11
Case Name: THE ROMAN CATHOLIC BISHOP
OF SAN DIEGO, et al.

## CERTIFICATE OF MAILING

The undersigned, a regularly appointed and qualified clerk in the Office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to-wit:

**ORDER OF PARISHES ON
APPOINTMENT OF EXPERT**

was enclosed in a stamped and sealed envelope and mailed to the following parties at their respective addresses listed below:

**[SEE ATTACHED LIST]**

The envelope(s) containing the above document was deposited in a regular United States mail box in the City of San Diego in said district on April 30, 2007.

CAD 168

Roma London, Deputy Clerk

Case No. 07-00939-A11
Case Name: THE ROMAN CATHOLIC BISHOP
OF SAN DIEGO, et al.

| | |
|---|---|
| SUSAN G BOSWELL, ESQ<br>QUARLES & BRADLEY<br>ONE SOUTH CHURCH AVE STE 1700<br>TUCSON AZ 85701-1621 | JAMES STANG ESQ<br>STANG & WEINTRAUB<br>10100 SANTA MONICA BLVD<br>11TH FLOOR<br>LOS ANGELES CA 90067-4100 |
| GERALD P KENNEDY ESQ<br>PROCOPIO CORY HARGREAVES<br>   & SAVITCH<br>530 B STREET STE 2100<br>SAN DIEGO CA 92101 | HAMID RAFATJOO ESQ<br>10100 SANTA MONICA BLVD<br>SUITE 1100<br>LOS ANGELES CA 90067 |
| VICTOR VILAPLANA ESQ<br>402 WEST BROADWAY STE 2100<br>SAN DIEGO CA 92101 | STEVEN KATZMAN ESQ<br>TIFFANY CARROLL ESQ<br>OFFICE OF THE U S TRUSTEE<br>402 WEST BROADWAY STE 600<br>SAN DIEGO CA 92101 |
| R TODD NEILSON<br>LECG<br>2049 CENTURY PARK EAST STE 2300<br>LOS ANGELES CA 90067 | |