Gerald P. Kennedy (CA #105887)
Geraldine A. Valdez (CA # 174305)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: 619-238-1900
Fax: 619-235-0398
E-mail: gpk@procopio.com; gav@procopio.com

Susan G. Boswell (AZ #004791)
Kasey C. Nye (AZ #020610)
Lori L. Winkelman (AZ #021400)
QUARLES & BRADY LLP
Firm State Bar No. 00443101
One South Church Avenue
Suite 1700
Tucson, AZ 85701-1621
Telephone 520.770.8700
Facsimile 520.770.2222
E-mail: sboswell@quarles.com; knye@quarles.com

Proposed Attorneys for Debtor, The Roman
Catholic Bishop of San Diego

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SAN DIEGO, a California corporation sole,<br><br>Debtor. | In Proceedings Under Chapter 11<br><br>Case No. 07-00939-LA11<br><br>**NOTICE OF LODGMENT OF ORDER GRANTING DEBTOR'S MOTION TO DISMISS REORGANIZATION CASE** |

**NOTICE IS HEREBY GIVEN** that the proposed Order of Dismissal ("Order") granting "Debtor's Motion to Dismiss Organization Case" (Docket No. 1262), a true and correct copy of which is attached hereto as Exhibit "A" and by this reference made a part hereof, has been lodged with the above-entitled Court.

**NOTICE IS FURTHER GIVEN** that any objections to the Order, if any, shall be filed and served within five (5) business days from the date of service of this notice.

QUARLES & BRADY LLP
ATTORNEYS AT LAW
TUCSON

QBTUC\127505.00003\215233.1

CASE NO. 07-00939-LA11
NOTICE OF LODGMENT

RESPECTFULLY SUBMITTED this 9th day of November, 2007.

        QUARLES & BRADY LLP
        One South Church Avenue, Suite 1700
        Tucson, AZ 85701-1621


By   /s/ Susan G. Boswell
      Susan G. Boswell
      Kasey C. Nye


Gerald P. Kennedy
Geraldine A. Valdez
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Attorneys for Debtor, The Roman Catholic Bishop of San Diego

Copies of the foregoing distributed this 9th day of November, 2007 to:

___ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. A copy of the transmission confirmation report is attached hereto.

_XX_ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Tucson, Arizona addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit. The following were served by mail as indicated above on November 9th, 2007:

**Official Committee of Unsecured Creditors:**

| David Block<br>c/o John C. Manly, Esq.<br>Manly & McGuire<br>4220 Von Karman Avenue, #200<br>Newport Beach, CA 92660 | Cheryl Gomez<br>c/o Raymond P. Boucher, Esq.<br>Paul R. Kiesel, Esq.<br>Anthony M. DeMarco, Esq<br>Kiesel, Boucher & Larson, LLP<br>8648 Wilshire Boulevard<br>Beverly Hills, California 90211 | Guy Lowry<br>Irwin Zalkin, Esq.<br>Michael Zimmer, Esq.<br>Zalkin & Zimmer, LLP<br>12555 High Bluff Drive, #215<br>San Diego, CA 92130 |
|---|---|---|
| Don MacLean<br>c/o Andrea Leavitt, Esq.<br>Law Offices of Andrea Leavitt<br>Emerald Plaza<br>402 West Broadway, #400<br>San Diego, CA 92101 | Nancy Mass<br>c/o Irwin Zalkin, Esq.<br>Michael Zimmer, Esq.<br>Zalkin & Zimmer, LLP<br>12555 High Bluff Drive, #215<br>San Diego, CA 92130 | A. Richard Miranda<br>c/o Katherine K. Freberg, Esq.<br>Terry M. Giles, Esq.<br>Law Offices of Freberg & Associates<br>8001 Irvine Center Drive, #1070<br>Irvine, CA 92618 |

| | | |
|---|---|---|
| Daniel Sanchez<br>c/o Raymond P. Boucher, Esq.<br>Paul R. Kiesel, Esq.<br>Anthony M. DeMarco, Esq<br>Kiesel, Boucher & Larson, LLP<br>8648 Wilshire Boulevard<br>Beverly Hills, California 90211 | | |

**List of 20 largest unsecured creditors:**

| | | |
|---|---|---|
| Warren J. Guinane<br>Allied Irish Bank<br>New York Branch<br>405 Park Avenue<br>New York, NY 10022 | St. Augustine High School<br>3266 Nutmeg Street<br>San Diego, CA 92104 | Roquemore Marble & Granite<br>1291 North Post Oak<br>Suite 130<br>Houston, TX 77055-7230 |
| Lord Architecture, Inc.<br>11650 Iberia Place<br>Suite 210<br>San Diego, CA 92128-2455 | Tristar Risk Management<br>Dept. LA 22038<br>Pasadena, CA 91185-2038 | Granite & Stone Materials<br>1662 N. Magnolia #203<br>El Cajon, CA 92020 |
| Premeco<br>P.O. Box 337<br>LaVerne, CA 91750 | LawRoom<br>1277 Treat Blvd.<br>Suite 620<br>Walnut Creek, CA 94597 | FOCCUS, Inc.<br>3214 North 60th Street<br>Omaha, NE 68104-3495 |
| Whited Cemetery Service<br>P.O. Box 1417<br>Romoland, CA 92585-0417 | Hepburn Superior<br>310 West Katella<br>Orange, CA 92867 | Otis Elevator Company<br>P.O. Box 100188<br>Pasadena, CA 91189-0188 |
| Warren J. Guinane<br>Allied Irish Bank<br>Cayman Islands Branch<br>405 Park Avenue<br>New York, NY 10022 | Decision One<br>Dept. 60993<br>Los Angeles, CA 90088 | Paradise Pictures, LLC<br>P.O. Box 3190<br>Paradise, CA 95967-3190 |
| Evon Coley<br>4488 Hilltop Drive<br>San Diego, CA 92102 | Rancho del Oro Landscape<br>4167 Avenida De La Plata<br>Suite 109<br>Oceanside, CA 92056 | Ikon Financial Services<br>P.O. Box 650073<br>Dallas, TX 75265-0073 |
| Verizon Wireless<br>P.O. Box 9622<br>Mission Hills, CA 91346-9622 | | |

**List of parties requesting notice via U.S. Mail:**

| | | |
|---|---|---|
| J. Mark Fisher<br>Schiff Hardin LLP<br>6600 Sears Tower<br>Chicago, IL 60606 | J.E. Holmes<br>Thompson & Colegate<br>3610 Fourteenth St.<br>PO Box 1299<br>Riverside, CA 92502 | Jean H. Hurricane<br>Schiff Hardin LLP<br>One Market Plaza Spear St<br>Tower, 32nd Floor<br>San Francisco, CA 94105 |
| Robert M. Tobin<br>1485 Park Avenue, Suite 200<br>San Jose, CA 95126 | Terry Michael Giles<br>11002 Wickwood<br>Houston, TX 77024 | Bankruptcy Administration<br>IKON Financial Services<br>1738 Bass Road<br>PO Box 13708<br>Macon, GA 31208-3708 |
| Dan McAllister<br>Treasurer- Tax Collector<br>Attention: Bankruptcy Desk | L. Scott Keehn<br>Keehn & Associates, Apc<br>402 W. Broadway, Suite 1210 | James Byrnes<br>964 Fifth Ave, Suite 500<br>San Diego, Ca 92101 |

| | | |
|---|---|---|
| 1600 Pacific Hwy, Rm 162<br>San Diego, CA 92101 | San Diego, Ca 92101 | |
| Michael Bucaro<br>c/o David M. Hershorin<br>Hershorin & Henry, LLP<br>27422 Portola Parkway, Ste 360<br>Foothill Ranch, CA 92610 | Robert Rheinhardt<br>12011 Tivoli Park Row #3<br>San Diego, CA 92128 | Frank J Patonai, Jr.<br>10945 South St.<br>Suite 201A<br>Cerritos, CA 90703 |

__XX__ by electronic mail to the following persons/entities which were served on November 9, 2007, the date of filing of the above pleadings:

Christine Baur: christine.e.baur@bakernet.com
Raymond P. Boucher: boucher@kbla.com
Robert D. Buell: rbuell@luce.com
Sara Chenetz: sara.chenetz@dlapiper.com
M. Ryan DiMaria: rdimaria@manlymcguire.com
Richard Esterkin: resterkin@morganlewis.com
R. Richard Farnell: rf@fknlaw.com
Vince W. Finaldi: vfinaldi@manlymcguire.com
Katherine K. Freberg: kfreberg@freberglaw.com
Timothy C. Hale: tim@nps-law.com
James A. Hayes, Jr.: jhayes@cwlawyers.com
James W. Hodges: jim@jameswhodges.com
Michael Isaacs: misaacs@luce.com
Steven Katzman: steven.jay.katzman@usdoj.gov
Jordan Kroop: jkroop@ssd.com
Andrea Leavitt: aleavitt@pacbell.net
Wilfrid C. Lemann: blemann@inlandbusinesslaw.com
John C. Manly: jmanly@manlymcguire.com
Margaret Mann: margaret.mann@hellerehrman.com
Michael McGrath: mmcgrath@mcrazlaw.com
David J. Molton: dmolton@brownrudnick.com
John Morrell: morell@higgslaw.com
Katie Namath: Katie@fknlaw.com
Ronald E. Norman: rnorman@fknlaw.com
David L. Nye: david@nps-law.com
Hamid Rafatjoo: hrafatjoo@pszyjw.com
Rebecca Rhoades: rebeccarhoades@hotmail.com
Debra Riley: driley@allenmatkins.com
Stephen Rubino: scr@rossandrubino.com
Thomas Salerno: tsalerno@ssd.com
Venus Soltan: soltan1@pacbell.net
James Stang: jstang@pszyjw.com
M. Jean Starcevich: jstarcevich@pacbell.net
Victor A. Vilaplana: vavilaplana@foley.com
Irwin Zalkin: imz@zalkin.com
Tiffany Carroll: **w/o attachments** tiffany.l.carroll@usdoj.gov; **w/attachments** USTP.Region15@usdoj.gov

____ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

____ (State) I declare under penalty of perjury under the laws of the State of Arizona that the

QUARLES & BRADY LLP
ATTORNEYS AT LAW
TUCSON

QBTUC\127505.00003\215233.1                                    -4-                                    CASE NO. 07-00939-LA11
                                                                                                      NOTICE OF LODGMENT

forgoing is true and correct.

__XX__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 9, 2007, at Tucson, Arizona.

/s/   Jane E. Friedman

# EXHIBIT "A"

**CSD 1001B** [11/15/04]

Name, Address, Telephone No. & I.D. No.

Susan G. Boswell (AZ #004791)
Kasey C. Nye (AZ #020610)
Lori L. Winkelman (AZ #021400)
QUARLES & BRADY LLP
Firm State Bar No. 00443101
One South Church Avenue, Suite 1700
Tucson, AZ 85701-1621
Telephone 520.770.8700

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re.

THE ROMAN CATHOLIC BISHOP OF SAN DIEGO, a California corporation sole,

Debtor.

BANKRUPTCY NO.
07-00939-LA11
Date of Hearing: November 1, 2007
Time of Hearing:10:30 a.m.
Name of Judge: Louise De Carl Adler

## ORDER GRANTING DEBTOR'S MOTION TO DISMISS REORGANIZATION CASE

**IT IS ORDERED THAT** the relief sought as set forth on the continuation pages attached and numbered two (2) through five (5) with exhibits, if any, for a total of five (5) pages, is granted.

//
//
//
//
//
//

DATED: _____

_____
Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

Quarles & Brady LLP
(Firm name)

By: __/s/ Susan G. Boswell_____
Attorneys for ☒ Movant ☐ Respondent

Approved as to form and content by:

Morgan Lewis & Brockius LLP

By: ___/s/ Richard W. Esterkin_____

And

Pachulski Stang Ziehl Young Jones & Weintraub LLP

By: ___/s/ James Stang_____
Attorneys for Official Committee of Unsecured Creditors

ORDER GRANTING DEBTOR'S MOTION TO DISMISS REORGANIZATION CASE

DEBTOR: THE ROMAN CATHOLIC BISHOP OF SAN DIEGO, a California corporation sole.  CASE NO: 07-00939-LA11

On November 1, 2007 at 10:30 a.m. (the "Hearing") came before this Court for hearing the "Motion Of The Debtor To Dismiss Reorganization Case" (the "Dismissal Motion") filed by The Roman Catholic Bishop of San Diego, a California corporation sole (the "Debtor" or "RCBSD"). Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Dismissal Motion.

In the Dismissal Motion, the Debtor asks this Court to enter an Order: (i) dismissing the above-captioned Chapter 11 case (the "Reorganization Case"); (ii) providing that no final fee applications must be filed with this Court; and (iii) remanding all lawsuits removed following the commencement of the Reorganization Case and confirming that the automatic stay has been lifted. This Court has considered the Dismissal Motion, the supporting pleadings including the Reply filed by the Debtor, the responses and objections filed by various parties, the arguments of counsel, and the entire record in this case, and good cause appearing therefore,

THIS COURT FINDS AND CONCLUDES AS FOLLOWS:

(a) This Court has jurisdiction over these proceedings and the parties pursuant to 28 U.S.C. Sections 157(b) and 1334.

(b) Due and proper notice of the Dismissal Motion and the Hearing have been provided to all creditors and other parties in interest pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Procedure.

(c) The "Settling Defense Parties" and the "Creditors" have entered into the Memorandum Of Understanding which was attached as Exhibit "A" to the Dismissal Motion and which provides for, among other things, the dismissal of the Reorganization Case (the "MOU").

(d) The MOU further contemplated that the Settling Defense Parties and the Creditors would enter into a settlement agreement which memorializes the terms of the agreement reached between the Settling Defense Parties and the Creditors.

(e) On October 31, 2007, the Settlement Agreement together with all exhibits thereto (the "Settlement Agreement") was filed with this Court although the settlement and the agreements thereunder are to be consummated outside the Reorganization Case after dismissal of the Reorganization Case. Under the Settlement Agreement, this Court is to retain jurisdiction to: (i) determine fees and enforce any order regarding payment of the fees and costs of the professionals retained pursuant to orders of the Bankruptcy Court in the Reorganization Case; and (ii) order the retention of jurisdiction in the United States District Court and United States Magistrate Judge Leo S. Papas for the purpose of deciding all disputes regarding settlement terms and the interpretation and meaning of the Settlement Agreement as more fully described in Paragraph 36 of the Settlement Agreement.

(f) The Official Committee of Unsecured Creditors ("OCC") is not a party to the Settlement Agreement and, to the extent that OCC members execute the Settlement Agreement, they are doing so in their individual capacities and not in their capacities as members of the OCC.

(g) While the Settlement Agreement is not being submitted to this Court for approval, it was contemplated in the Dismissal Motion and the MOU that the Settlement Agreement would be filed with this Court and become a part of the record of the Reorganization Case.

(h) Counsel for the OCC, Pachulski Stang Ziehl & Jones LLP ("Pachsulski") and insurance counsel for the OCC, Morgan, Lewis & Bockius LLP ("Morgan Lewis") have requested that any dismissal of the Reorganization Case be conditioned upon the order dismissing the Reorganization Case including a provision for payment of the fees of professionals retained in the Reorganization Case pursuant to 11 U.S.C. § 327.

(i) The only objection filed to dismissal has been filed by two claimants who were not included in the settlement, Dean A. and Wayne B.

(j) Certain of the Creditors have filed pleadings in support of dismissal.

    (k)    A condition precedent to the performance under the Settlement Agreement is entry of an unconditional final order dismissing the Reorganization Case with a reservation of jurisdiction only for the purposes set forth in Paragraph (e) above.

    (l)    Notwithstanding that not all creditors are provided for in the settlement, it is in the best interests of the Debtor, its estate and its creditors that this case be dismissed.

    (m)    Retention of jurisdiction by this Court to determine and resolve any disputes with respect to the final fees and costs to be paid to any professionals appointed by this Court and to compel payment of such final fees and costs will not affect the finality of this Order with respect to dismissal of the Reorganization Case.

    (n)    The Court stated additional reasons on the records that support dismissal of the Reorganization Case which are incorporated herein by this reference.

Based upon the foregoing findings and conclusions and the record of the Reorganization Case,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Each of the foregoing findings by this Court will be deemed a finding of fact if and to the full extent that it makes and contains factual findings and a conclusion of law if and to the full extent that it makes legal conclusions.

2. The Dismissal Motion is granted in its entirety, subject to the provisions stated herein.

3. All objections to dismissal of the Reorganization Case are hereby overruled.

4. The Reorganization Case is hereby dismissed as of the date of the Hearing, November 1, 2007.

5. The OCC is hereby discharged from any further duties in the Reorganization Case.

6. The Debtor in Possession is hereby discharged from any further duties in the Reorganization Case except to the extent of any matters reserved under this Order.

7. Upon dismissal of the Reorganization Case, and except as may be provided in the Settlement Agreement or this Order, none of the Debtor, the OCC or any of their respective present or former members, officials, representatives, managers, officers, directors, employees, financial advisors, attorneys, or agents acting in such capacity will have or incur any liability to, or be subject to any right of action by, any holder of a claim, asserted or unasserted against the Debtor or any other party in interest or any of their respective agents, employees, officers, directors, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the Reorganization Case, the pursuit of confirmation of a plan of reorganization, or the settlement as memorialized in the Settlement Agreement, except for their willful misconduct; and in all respects such parties will be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities in the context of the Reorganization Case. Notwithstanding the foregoing, this Order has no effect on any claims for sexual abuse, if any, that may have arisen during the Reorganization Case.

8. Notwithstanding dismissal of the Reorganization Case, this Court retains jurisdiction to hear and determine any disputes regarding the amount or payment of any fees and costs incurred by any professionals appointed in the Reorganization Case pursuant to 11 U.S.C. § 327 by this Court, including jurisdiction to order the Debtor to pay such fees and costs and to enforce any such order; provided, that the retention of jurisdiction pursuant to this Order shall not affect the finality of this Order dismissing the Reorganization Case.

9. None of the professionals appointed by this Court shall be required to file any final fee applications in the Reorganization Case. To the extent such final fee applications have been filed prior to the date of this Order, such applications are resolved as set forth herein subject to the reservation by this Court set forth herein with respect to fees and costs of professionals retained pursuant to orders of this Court.

10. Notwithstanding dismissal of the Reorganization Case, the United States District Court and United States Magistrate Judge Leo S. Papas shall retain jurisdiction for the purpose of deciding all disputes regarding settlement terms and the interpretation and meaning of the Settlement Agreement as more fully described in Paragraph 36 of the Settlement Agreement.

11. The Debtor shall pay the sum of $63,394.85 to Morgan Lewis as their final fees and costs to be paid in the Reorganization Case with respect to fees billed and expenses posted through and including November 5, 2007 which remain unpaid and which includes the twenty percent (20%) holdback pursuant to the Order entered with respect to the "Debtor's Motion For Order Establishing Interim Fee Application And Expense Reimbursement Procedure " (the "Payment Order"). Morgan Lewis reserves the right to seek $9,491.50 in additional fees which represents fees for travel time (the "Morgan Lewis Additional Fees"). In the event that Morgan Lewis and the Debtor cannot reach agreement with respect to payment of the Morgan Lewis Additional Fees, Morgan Lewis reserves the right to have any such dispute determined by this Court.

12. The Debtor shall pay the sum of $297,059.93 to Pachulski as their final fees and costs to be paid in the Reorganization Case with respect to fees billed and expenses posted through and including November 1, 2007 which remain unpaid and which includes the twenty percent (20%) holdback pursuant to the Payment Order. Notwithstanding the foregoing or anything in this Order, this Order does not determine or affect the request of Pachulski for a fee enhancement pursuant to "Motion Of Pachulski Stang Ziehl & Jones LLP For Fee Enhancement; Memorandum Of Point And Authorities; Declaration Of James I. Stang" (the "Enhancement Motion") or the request by Pachulski for payment of fees incurred in preparation of the Enhancement Motion in the amount of $9600.00 to which the Debtor has indicated it will object.

13. Hearing on the Enhancement Motion and the Motion to appoint KPMG LLP ("KPMG") and to allow the fees and expenses of KPMG as set forth in the fee application filed on behalf of KPMG by Pachulski (the "KPMG Application") are hereby set for Thursday, December 6, 2007 at 10:30, o'clock a.m. (the "Fee Hearing").

14. The Debtor shall pay the sum of $124,814.80 to Deloitte Financial Advisory Services LLP ("Deloitte") as their final fees and costs to be paid in the Reorganization Case which includes the twenty percent (20%) holdback pursuant to the Payment Order. Deloitte reserves the right to seek $28,987.50 in additional fees which represents fees for travel time (the "Deloitte Additional Fees"). In the event that Deloitte and the Debtor cannot reach agreement with respect to payment of the Deloitte Additional Fees, Deloitte reserves the right to have any such dispute determined by this Court.

15. Upon receipt by the Debtor of the billing detail from Pachulski of the fees and expenses incurred by Father Thomas Doyle (the "Doyle Fees'"), the Debtor shall advise Pachulski within five (5) business days whether it has any objection to the Doyle Fees. If the Debtor does not have any objections, the Debtor shall pay the Doyle Fees in accordance with this Order. If the Debtor has objections to the Doyle Fees, this Court will grant a motion shortening time so that any objections to the Doyle Fees may be heard at the Fee Hearing provided that any such request is received no later than November 20, 2007.

16. The final fees and costs of all other professionals retained in the Reorganization Case pursuant to orders of this Court, including the twenty percent (20%) holdback pursuant to the Payment Order, shall be paid by the Debtor to all such other professionals.

17. To the extent there is any dispute regarding the amount of any fees and costs between any professional retained in the Reorganization Case pursuant to 11 U.S.C. § 327 and the Debtor, including but not limited to any dispute regarding the preparation and prosecution of requests for approval, allowance and payment of fees and costs after entry of this Order and the Debtor's objections to such requests, such dispute shall be submitted to this Court for resolution consistent with this Court's retained jurisdiction as provided for in this Order.

18. Except as may be ordered by this Court with respect to the Enhancement Motion, the KPMG Application, the Doyle Fees or any other provisions of this Order, the Debtor shall have no obligation to pay for any further fees and costs of professionals retained pursuant in the Reorganization Case pursuant to orders of this Court which accrue after the date of entry of this Order except as may be agreed upon between such professional and the Debtor; provided, however, that the Debtor shall pay Morgan Lewis for its fees and expenses incurred to conclude the insurance issues in the settlement in an amount not to exceed $20,000 (the "Post-Dismissal Fees"). In the event Morgan Lewis incurs any fees in excess of the Post-Dismissal Fees and there is any dispute between the Debtor and Morgan Lewis with respect to payment by the Debtor of the Post-Dismissal Fees, such dispute shall be submitted to this Court for resolution.

19. The Debtor shall prepare and file a summary report that provides the total disbursements of the Debtor for the months of September and October 2007. The Debtor shall sign this statement under penalty of perjury. The Debtor shall also pay all quarterly fees due the United States Trustee through October 31, 2007.

CSD 1001B [11/15/04] **Page 5**

20. Any and all actions that have been removed from any state court to the Bankruptcy Court, shall be, and hereby are remanded to the state court upon entry of this Order; provided, however, that this Order shall not apply to any actions removed to the United States District Court prior to February 27, 2007.

21. All stays and injunctions in this Reorganization case, including the automatic stay of Bankruptcy Code § 362(a) shall be, and hereby are, vacated and annulled.

22. All property of the estate shall revest in the Debtor and, upon entry of this Order, and except as specifically provided in this Order, this Court shall have no further jurisdiction over the Debtor or its property and the Debtor shall operate its business and conduct its affairs without any further Court supervision.

CSD 1001B